*D. H. Colerick* and *J. G. Walpole*, for the plaintiffs.

*R. Brackenridge*, for the defendant.

Nov. Term, 1849.

SHAW
v.
SWIFT.

---

SHAW and Others *v.* SWIFT and Others.

| 1 | 565 |
| 141 | 676 |

Heirs to whom land has descended, and which has been sold by order of Court, may have the administrator's sale to himself set aside by application in a reasonable time, upon payment of the purchase-money and the value of the improvements.

ERROR to the *Franklin* Circuit Court.

PERKINS, J.—Bill in chancery, filed *July* 8, 1842. The bill alleges that *James Powell* died intestate, possessed in fee simple of the 60 acres of land described in the bill, which descended to his heirs; that those heirs are the complainants, *Mary Swift* and her husband *James*, and *Sarah Reeder*, and *William Powell*, *William Spicer*, and *Jemima Spicer*, and the heirs of *Henry Powell*, and of *Reeder Powell* and *James Powell;* that advances were made by *James* in his lifetime to *William Powell*, son, and *Jemima Spicer*, daughter, and her husband, and to *James* and

*Friday,*
*December 21.*

*Henry Powell* to their full shares respectively, and that this estate should be divided between complainants and the heirs of *Reeder Powell*, deceased. The bill further alleges that *Reeder Powell*, deceased, became the administrator of *James*, deceased, and fraudulently procured an order to sell the land, in the bill mentioned, as administrator, and did sell it, and on the 6th of *November*, 1828, nominally deeded it to *Jonathan Shaw*, but that the sale was really to himself (the administrator) through *Shaw*; who, by arrangement, bought for the administrator (*Reeder Powell*), and subsequently, on the 3d of *December*, 1828, reconveyed to him; that *Shaw* never paid anything on the property, and never took possession, &c. Prayer that the sale be set aside, &c.

A guardian *ad litem* answered for *Reeder Powell's* heirs. It is immaterial what his answer may be, as it cannot avail anything against them or for them. *Jonathan Shaw* answered. His answer need not be noticed as it appears again in the evidence by way of a deposition. *William Powell* released his interest; the other defendants made default.

The bill is sustained by the proof.

The Court below set aside the sale and made partition of the land as prayed.

The heirs to whom this land descended had a right to have the administrator's sale to himself set aside by application in a reasonable time, upon payment of purchase-money, improvements, &c. *Sturdevant* v. *Pike*, in this Court, *November* term, 1848 (1), and cases cited. In this case nothing is shown to have been paid on the land by the administrator (*Reeder Powell*) out of his own funds, and the improvements made by him are not equal in value to the rents, which have not been claimed by the heirs; and under the circumstances of this case we cannot say the complainants are barred by lapse of time.

*Per Curiam.*—The decree below is affirmed with costs.

*C. H. Test*, for the plaintiffs.

*J. S. Newman*, for the defendants.

(1) See *ante*, p. 277.