Doe on the Demise of HARKRIDER and Others *v.* HARVEY.

An administrator's sale of real estate for the payment of debts, made by
an order of the Probate Court, is not void from the circumstance that
the record does not disclose that notice of the application to sell was
given to the heirs.

Notice in that case will be presumed.

A sale of land by an administrator for the payment of debts, will not be
set aside, at law, because the administrator himself became the pur-
chaser.

ERROR to the *Henry* Circuit Court.

PERKINS, J.—Ejectment by the heirs of *Philip Harkrider*
against *Benjamin Harvey*, for a tract of land in *Henry*
county. Judgment below for the defendant.

*Harvey* derived title through mesne conveyances from
an administrator's sale made by order of the Probate
Court of said *Henry* county, at its *May* term, 1833. The
plaintiff insists that the Court, on the trial of this cause,
should have declared that sale void: 1. Because it did
not affirmatively appear that notice of the application
for the sale was given to the heirs; 2. Because it did
appear that the administrator upon said *Harkrider's* estate,
was the purchaser at said administrator's sale. These
are the only defects claimed to exist.

As to the first point, it is shown that a report was made
to the Probate Court, stating the insufficiency of personal
assets to pay the debts; that a petition by the administra-

tor for the sale of the land was filed, and an order made
thereon for the issuing of process, and for the publication
in the proper newspaper of notice to the heirs, and that
the cause was thereupon continued to the next term of
the Court. At a subsequent term, it appears, an order
of sale was made. It was proved that notice of the sale
was given, and that the sale was regularly made. The
report of the sale to the Court, the confirmation thereof,
the order for a deed, the deed and the approval of it by
the Court, and the accounting for the proceeds of the sale,
all regularly appear of record. Such being the facts, the
point under consideration is settled by previous decisions
of this Court. In *Horner* v. *Doe*, *May* term, 1848 (1), it
was decided that where the record of a domestic Court
of general jurisdiction was silent on the subject, and dis-
closed nothing inconsistent with the fact of notice having
been given, notice, in the absence of proof to the con-
trary, would be presumed; and in *Doe* v. *Smith*, *November*
term, 1849 (2), it was determined that the Probate Courts
of this state were domestic Courts of general jurisdiction.

Upon the second point. An administrator is regarded
as a trustee; and it has often been decided by this Court,
that a purchase by a trustee, at his own sale, of the pro-
perty of his *cestui que trust*, is so far void, *in equity*, that
the latter may, in general, have it set aside without other
cause shown than the single fact that the purchase was
made by his trustee; the purchaser being allowed, on the
vacation of his purchase, his payments, interest, and im-
provements. *Brackenridge* v. *Holland*, 2 Blackf. 377.—
*Gage* v. *Pike*, Smith's R. 145 (3).—*Shaw* v. *Swift*, id. 398 (4).
Such is the law. Hill on Trustees, 535. In *Brackenridge*
v. *Holland*, *supra*, it is said: " A trustee, no matter how or
from whom he derives his authority, cannot purchase the
trust estate so as to make a profit to himself. There is
no general rule that he shall not be a purchaser, but if he
is, his purchase is for the benefit of the *cestui que trust*."
An administrator, then, on his purchase, at his own sale,
of the real estate of his intestate, holds it as a trustee of
the heirs. A trustee has the legal title, and that is suffi-

Nov. Term,
1851.

Doe
v.
Harvey.

cient for the maintenance of possession. Of that possession, he cannot be ousted by an action of ejectment, unless his purchase can be set aside in that suit. We have found no case where such a purchase has been held void at law, and there seem to be weighty reasons why it should be set aside only in equity. All the cases on the subject hold that the *cestui que trust*, after a re-exposure of the property to sale, and a failure to obtain a better or an equal bid, has a right to hold the trustee to his purchase. All of them, also, hold that if the purchase is finally vacated, the trustee is entitled to be reimbursed his money paid, interest, and improvements. In *Michaud* v. *Girod*, 4 How. U. S., it was so decided. That was a case in chancery. For these he should hold a lien. These are matters for equitable adjustment, and the lien can only be enforced in chancery. They should, therefore, to save litigation, as well as for other causes, be settled in the proceeding in which the purchase is to be set aside, or affirmed, as the case may be. If the *cestui que trust* were permitted to avoid the purchase, at law, it would deprive him of the option of re-affirming it on his failure to make a better bargain elsewhere, and might jeopard the security of the trustee. In *Jackson* v. *Van Dalfsen*, 5 John. R. 43, it was held that such a purchase could not be declared void at law, where the objection was raised by a third person; and in *Davoue* v. *Fanning*, 2 John. Ch. R. 252, chancellor *Kent* seems to regard the law as being the same in all cases. He says: " The Supreme Court, in *Jackson* v. *Van Dalfsen, supra*, admit it to be a well settled rule in equity, that a trustee or agent to sell, shall not, himself, become the purchaser, and they very properly refer the remedy of the *cestui que trust*, in such cases, to the cognizance of chancery."

*Per Curiam.*—The judgment is affirmed with costs.

*C. H. Test* and *C. C. Nave*, for the plaintiff.

*J. S. Newman*, for the defendant.

(1) 1 Carter's Ind. R. 130.—(2) Id. 451.—(3) *Sturdevant* v. *Pike*, id. 277. —(4) Id. 565.