BECKETT *v.* BLEDSOE.

*A.* being the owner of land mortgaged to the school fund, and being about to remove to another state, appointed *B.*, who lived near the land, his agent to lease it, &c., and to renew the mortgage at the expiration of the time it had to run. *B.* leased the land, &c., but did not renew the mortgage, an affidavit of the principal being necessary for that purpose. The land was sold, for the non-payment of the mortgage, and *B.* became

the purchaser, and received a deed. More than nine months elapsed after B. knew he could not renew the mortgage, before said sale. B. afterwards sold to C., an innocent purchaser without notice of his agency, for a larger sum than the price paid by him, and left the state. A., without having demanded of B. an account, filed his bill against B. and C., praying that the land might be conveyed to him, and for general relief. *Held*, that it was the duty of B., as soon as he ascertained that he could not renew the mortgage, to give A. notice; and that B.'s purchase must be regarded as a mere trust for the benefit of A., who was entitled to the profits made by B. on the sale. *Held*, also, that B.'s non-residence excused a demand for an account before suit. *Held*, also, that C.'s title could not be disturbed.

The residence of *B*. in another and distant state, and his ignorance of the fraud practised by *B*., was also *held* to excuse what would else have been an improper delay in bringing said suit.

ERROR to the *Hendricks* Circuit Court.

PERKINS, J.—*Bledsoe* filed a bill in the *Hendricks* Circuit Court, stating that in 1837 he received a conveyance of a tract of land of one *David Smith*, twenty-five acres of which was encumbered by a mortgage previously given by said *Smith* to the commissioner of the school fund for 55 dollars, due the 16th of *November*, 1838, with 6 per cent. interest, payable annually in advance; that he took and retained possession of said land till the spring of 1838, when he removed to *Arkansas*, where he has since resided; that previous to leaving, he paid the interest on said mortgage up to the 16th of *November*, 1837, and appointed *Beckett*, who resided near the land, his agent to lease said land for him, attend to paying the interest on the mortgage out of the rents, and to renew said mortgage on the expiration of the time it had to run; that *Beckett* leased the land, received the rents, but did not pay the interest on said mortgage nor renew it, but permitted the school commissioner to sell the land, which he did in *August*, 1839, *Beckett* himself becoming the purchaser, at 100 dollars, and receiving the deed from the commissioner in his own right; that he, *Beckett*, kept and enjoyed the use of said land till *September*, 1849, when he sold it to one *Bunton* for 325 dollars, and left the state for parts unknown. Prayer that the land be conveyed to the plaintiff in the bill, and for general relief.

May Term, 1853.
_____
BECKETT
v.
BLEDSOE.

Monday, June 6.

Notice of the pendency of the bill was given by publication.

*Bunton* answered, denying notice of *Beckett's* agency, and asserting his purchase to have been made in good faith.

*Beckett* answered, admitting his agency, his reception of rents to the amount of 40 dollars, his agreement to re-mortgage the land, &c., and says in excuse for not doing it, that he found it required an affidavit which he could not make, but which it was necessary that *Bledsoe*, his principal, should make, and further says that after he purchased and received a deed for the land of the school commissioner, he wrote and deposited in the post-office a letter to *Bledsoe*, informing him that he could have the land by paying the 100 dollars. The reception of this letter by *Bledsoe*, and the writing of it, even, by *Beckett*, are denied by the replication to the bill, and there is no proof of either of the allegations. *Beckett*, in his answer, further admits the sale to *Bunton*, and his removal from the state, which, he says, was to *Iowa*.

The cause was submitted to the Court on the bill, answers, and replication, and the Court decreed that the bill should be dismissed as to *Bunton*, that *Beckett* should pay to *Bledsoe* the 40 dollars, without interest, admitted to have been received for rent, and the 200 dollars received from *Bunton*, over and above the 100 dollars paid for the land, with interest for two years thereon, making in all, says the decree, the "sum of 263 dollars, to be levied as a judgment at common law, and also his costs," &c.

There is plainly a clerical error in stating the aggregate amount of this decree.

*Beckett* brings the case to this Court, and contends that said decree is erroneous—

1. Because no demand for an accounting was made upon him before the filing of the bill.

But his non-residence excused the making of a demand. *West* v. *Chase*, 3 Ind. R. 301.

2. Because he had a right to make the purchase and

sale of the land as he did, and retain the profit for his own benefit.

In this we think he is in error. The agent, in this case, was guilty of negligence amounting to a breach of duty, in failing, when he discovered that he could not re-mortgage the property, immediately to notify *Bledsoe* of the fact, that he might devise ways and means to save it from sale. More than nine months elapsed after the agent, *Beckett*, knew that he could not re-mortgage, before the sale. By withholding information of the fact from his principal, the agent was enabled to obtain the property at a sacrifice; and to hold, as a general rule, that such a transaction could be supported, would furnish the strongest inducement to the practice of bad faith on the part of agents. *Beckett* must be regarded, after his purchase, as a trustee, holding the land for the benefit of *Bledsoe;* and as *Bunton* purchased without notice of the trust, it was right to abstain from disturbing his title, and to decree that the profits made by *Beckett* in the transaction, should be paid to *Bledsoe*.

The only circumstance in the case against the latter is his delay in asserting his title to the land; but his residence in a distant state, and his entire ignorance of the fraud, excuse that.

We have said that there is an error in the statement of the amount of the decree. The Court below intended to give, as is stated in the finding, to *Bledsoe*, the amount of rent admitted, 40 dollars; the amount for which *Beckett* sold the land over what he paid for it, 225 dollars; interest for two years on this latter sum, 27 dollars; making, in all, 292 dollars.

The decree will be corrected accordingly, and affirmed for that amount, with interest from its rendition below.

*Per Curiam.*—The decree, as above corrected, is affirmed with costs.

*C. C. Nave*, for the plaintiff.

*J. S. Harvey*, for the defendant.