*J. P. Usher*, for the appellant.

Nov. Term, 1858.

LEWIS
v.
REED.

--------●●--------

## LEWIS *v.* REED.

Where a party made a contract for the sale of a title-bond for a certain piece of land, and not having the title-bond in his possession at the time, he agreed for its subsequent transfer to the purchaser, but it turned out that the title-bond was for a different piece of land from that embraced by the contract; and the vendor not being able to fulfill his agreement, the purchaser brought suit in the Common Pleas to recover the amount paid by him on the making of the contract:—*Held*, on demurrer, that the title to real estate was not in issue.

Nov. Term,
1858.
———
LEWIS
v.
REED.

An administrator can appoint an agent to do particular acts. Thus, he may employ an attorney, or an auctioneer, to sell goods which he is authorized by Court to sell at public sale; or, where he is authorized by Court to sell property at private sale, he may appoint an agent to negotiate the sale, within the limits fixed by the Court, which sale he may approve, and report to the Court for ratification, &c.

A foreign administrator may be proceeded against by attachment; and where the complaint is against him in his fiduciary capacity, a judgment against him personally is amendable in the Supreme Court.

Where a contract of an agent of such administrator does not relate to a subject-matter about which, as administrator, he is authorized to negotiate, he is personally responsible. Or, if the agent exceeded his authority, the agent might be liable.

Friday,
December 3.

APPEAL from the *Elkhart* Court of Common Pleas.

PERKINS, J.—Attachment suit by *William S. Reed* against *Francis G. Lewis*. Judgment below for the plaintiff.

It appears that *Lewis* was a non-resident of this state; that he was administrator of the estate of *John C. Stauffer*, deceased; that said *Stauffer*, at his death, held a title-bond for a tract of land situate in *Elkhart* county, *Indiana*, on which he had made partial payment; that said *Lewis* procured an order from the *Elkhart* Court of Common Pleas for the sale of said title-bond in the course of administration; that he directed his attorneys, *Lowry* and *Irwin*, to negotiate the sale for him; that they undertook to do so, and entered into a written agreement with *William S. Reed*, they acting as agents for *Lewis*, for the sale to him of said title-bond, and received from him, as a first payment, 375 dollars. They did not have the bond in possession at the making of the agreement, and did not assign or deliver it to *Reed*, but agreed for its subsequent transfer to him. It turned out that in making the contract with *Reed*, they represented and sold to him the bond as being for a different tract of land from what it in fact was, and, hence, could not fulfill their agreement with him, by assigning to him a bond for the land described in their agreement. *Reed*, in this suit, sought to recover back the amount paid by him at the making of the contract. *Lewis* being a non-resident, the suit was commenced by attachment, and *Lowry* and *Irwin*, the agents of *Lewis*,

to whom the money was paid, and who still had it in pos-
session, were summoned as garnishees.

The defendant, *Lewis*, demurred to the complaint on
two grounds—

1. That it showed that the Court of Common Pleas
had no jurisdiction, because the title to real estate was
in issue.

2. That the contract with *Lewis* was void, because an
administrator could not appoint an agent.

The Court overruled the demurrer, and, the defendant
refusing to answer further, judgment was rendered against
him for the 375 dollars. He appealed to the Supreme
Court.

The Court below then proceeded to examine the case
of the garnishees, and finding that they had the money in
their hands, as agents of *Lewis*, to whom they admitted
they were to pay it, the Court gave the usual judgment in
such case against them. From this judgment no appeal
was taken.

It is very clear that the title to real estate was not in
issue. The subject-matter of sale was not land, but a
title-bond. No allegation is made in the complaint as to
the title to land. The allegation is that a title-bond for a
certain piece of land was sold, when no such title-bond
existed.

Touching the second ground of demurrer, we are clear
that, as a general proposition of law, it is erroneous.
There can be no doubt that an administrator may appoint
an agent to do particular acts. He can employ an attor-
ney. If he is authorized by the Court to sell goods at
public sale, he can appoint an auctioneer to sell them. If
he is thus authorized to sell property at private sale, he
can appoint an agent to negotiate the sale within the
limits fixed by the Court, which sale he might approve
and report to the Court for ratification. So of other par-
ticular acts. See 2 Williams on Ex'rs, 1271. And in this
case, if the agents had actually paid over to *Lewis* the
amount paid to them as the first installment, he would

Nov. Term, 1858.

have been properly sued to recover it back. See *Balls* v. *Haines*, 3 Ind. R. 461.

Another position is taken by counsel in this case—viz., that *Lewis* should have been sued, if at all, as administrator, and not in his individual capacity. A foreign administrator is liable to be proceeded against by attachment (2 R. S. p. 66, § 167); and perhaps the complaint in this case might well be regarded as against *Lewis* in that capacity. If so, the judgment against him personally could be amended in this Court.

But if the contract of his agents is to be considered as his, as it did not relate to the subject-matter about which, as administrator, he was empowered to negotiate, he would be personally responsible. On the other hand, if his agents exceeded or departed from the authority given to them by him, they, and not the administrator, might be liable. Perhaps this suit should more properly have been for money had and received against the agents. See *Balls* v. *Haines, supra.* But as the complaint alleges that the agents acted by the authority of the administrator, and there is no answer denying the allegation, and the case has not been put upon the ground we have suggested, and ultimate justice, in any view, has been reached by the judgment against the agents as garnishees, which is to be applied in payment of the judgment against the principal, the judgment below will be affirmed.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*R. Lowry, E. Dumont*, and *O. B. Torbet*, for the appellant.