Carter *et al. v.* Lee.

---

CARTER ET LA. *v.* LEE.

ADMINISTRATOR.—*Sale of Land by Heirs to Administrator.*—*Tenant.*—Where real estate of a decedent has been sold and conveyed by the heirs to the administrator, such purchaser may recover possession from the decedent's tenant who is not a creditor of the estate or an heir, the purchaser having given the proper notice to quit, although claims of creditors may have been allowed against the estate to an amount greater than the personal assets.

From the Bartholomew Circuit Court.

*R. Hill* and *S. Stansifer,* for appellants.

*F. T. Hord,* for appellee.

WORDEN, J.—This was an action by the appellee against

the appellants and one Allen Carter, to recover possession of certain real estate. Issue, trial by jury, verdict and judgment in favor of the plaintiff as against Thomas Carter and Fisher, and in favor of the defendant Allen Carter. Thomas Carter and Fisher appeal.

The following are the facts in the case as gathered from the record:

George Cline died, seized in fee of the premises, and after his death his heirs conveyed the property to the plaintiff in fee. At the time of Cline's death, the property was in possession of the defendants Thomas Carter and Fisher, as tenants of Cline from year to year. Before the commencement of this action, the plaintiff had put an end to the tenancy by a proper notice to quit.

The plaintiff was the administrator of the estate of George Cline at the time he took the conveyance from his heirs. The personal assets of the estate amounted to only about six hundred dollars, while Allen Carter had a claim allowed against it amounting to nearly ten times that amount.

If on these facts the plaintiff was entitled to recover as against Thomas Carter and Fisher, the judgment below was correct. We are of opinion that on the facts the plaintiff was entitled to recover. The land, on the death of Cline, descended to his heirs, and they could convey it, subject to the payment of debts. The purchase by the plaintiff, while he was administrator, from the heirs, may have been voidable, but we do not decide that it was so. He took the land, however, subject to the claims of the creditors of the estate. The purchase was clearly not void, if voidable. Had the debts all been paid, or should they yet be paid, we see no reason why the sale should not stand, in the absence of any actual fraud, which is not shown.

If the sale was voidable, it could only be avoided by parties interested, heirs or creditors. The appellants were neither, and it does not lie with them to interpose objections to the sale. In *Rice* v. *Cleghorn*, 21 Ind. 80, 89, the court said: "The purchase by a trustee of trust property is not

void, but may be avoided by the *cestui que trust,* within a reasonable time, in a direct proceeding for the purpose; but such avoidance cannot be effected at the suit of a third person. *Shaw* v. *Swift,* 1 Ind. 565; *Doe* v. *Harvey,* 3 Ind. 104; *Hawkins* v. *Ragan,* 20 Ind. 193; *Jackson* v. *VanDalfsen,* 5 Johns. 43."

The judgment is affirmed, with costs.