## MURPHY ET AL. *v.* TETER, ADMINISTRATOR.

PRACTICE.—*Appeal.*—*Demurrer.*—Where, after the overruling of a demurrer to a complaint, an amended complaint is filed, upon which the cause is tried, the ruling on said demurrer can not be available as error on appeal.

SAME.—*Motion to Dismiss.*—There can be no available error in overruling a motion by the defendant to dismiss a complaint, where no cause of dismissal is specified in the motion.

ADMINISTRATOR.—*Purchase of Land by, at Sheriff's Sale. –Suit against Tenant for Use and Occupation.*—Certain land was sold on execution, procured by an administrator upon the revivor of a judgment in favor of his decedent, in March. 1873, and the sheriff's certificate of sale was then given to the purchaser, he being said administrator, who obtained the sheriff's deed thereunder in November, 1874. Suit by said purchaser for rent of said land for the year 1874, against a tenant of the execution defendant, who, in September, 1873, had rented said land till March, 1875, to said tenant and taken his notes for the rent, which notes were not due at the time of trial of said suit, said purchaser having on the 1st of March, 1874, notified said tenant, then in possession, of said purchase, and that he should pay rent to said purchaser, and not to said execution defendant;

*Held*, that said purchase by said administrator was not void; the purchaser might be treated as a trustee, and the *cestui que trust* might avoid the sale, or let it stand and cause the purchaser to convey the title to the *cestui que trust;* but, in said suit for rent against said tenant, the defendant could not dispute the plaintiff's title.

From the Hamilton Circuit Court.

*A. F. Shirts* and *G. Shirts,* for appellants.

PERKINS, C. J.—This suit was commenced before a justice of the peace, and went by appeal to the circuit court.

In that court, the defendants demurred to the complaint for want of facts constituting a cause of action.

The demurrer was overruled, and exception taken. Thereupon the plaintiff filed an amended complaint. The defendants moved to dismiss the amended complaint, without specifying any ground therefor. The court overruled the motion. The cause was then submitted to the court for trial, by the agreement of the parties. The court found for the plaintiff, in the sum of one hundred and fourteen dollars, and rendered judgment accordingly. New trial denied. The following is the assignment of errors in this court:

"1. The court erred in overruling the demurrer to the complaint;

"2. The court erred in overruling the motion to dismiss the amended complaint;

"3. The court erred in overruling the motion for a new trial;

"4. The court erred in overruling the motion in arrest of judgment."

As to the first alleged error:

The complaint, to which a demurrer was overruled, was probably bad; but it was afterward amended, and no demurrer was filed to the complaint on which the cause was tried. The amendment of the complaint rendered the ruling on it before amendment immaterial and harmless; indeed, put it out of the case. There was no error

in overruling the motion to dismiss, as no cause was pointed out why the complaint should be dismissed. It is urged here, that the complaint was not signed. If the motion had pointed out the fact, it could have been amended below. *Lowry* v. *Dutton*, 28 Ind. 473. As to the motion in arrest of judgment, no such motion appears in the record. The remaining error assigned is the overruling of the motion for a new trial. The evidence is in the record. The cause assigned in the motion for a new trial is, that the finding and judgment of the court were contrary to the law and the evidence.

The suit was for the rent of a tract of land. The material facts are these : In January, 1872, Mary Ann Bradley recovered a judgment for fifteen hundred dollars against Garrett Bradley. Afterward, said Mary Ann departed this life, and Thomas E. Teter was appointed administrator upon her estate, and he obtained, as such administrator, a revivor of said judgment against Garrett Bradley, procured the issue of execution thereon, upon which execution the sheriff of Hamilton county, on the 8th day of March, 1873, sold the land to said Thomas E. Teter, he being the highest and best bidder, for between eleven and twelve hundred dollars, and gave him a certificate of purchase. The land was not redeemed, and on the 6th day of November, 1874, the sheriff executed a deed to Teter for the land. This suit is for the rent of the land for 1874, and is against John S. Murphy, to whom Garrett Bradley had rented the land and taken his notes, not due at the time of the trial, for the rent. Teter had notified Murphy that he must pay the rent to him, and not to Bradley.

The point, on this branch of the case, relied upon by counsel for the appellant is, that the purchase by the appellee, he being administrator, as above stated, was void and conferred upon him no title. His title was not void but voidable. It must be regarded as that of a trustee; and the *cestuis que trust* might, and probably may

yet, have the sale set aside, if they desire to do so; or, perhaps, if they prefer it, let the sale stand, and cause the trustee to convey the title to them, upon just and equitable terms. *Hawkins* v. *Ragan*, 20 Ind. 193, and cases cited; *Hunsucker* v. *Smith*, 49 Ind. 114. *Smith* v. *Drake*, 8. C. E. Green, 302, is a case in point. Under the circumstances of the case, the appellant's title could not be disputed by the defendant, in this suit to recover the rent of the land. The plaintiff may, perhaps, be called upon by the *cestuis que trust* to account for the money recovered, if they cause his title to be transferred to them.

We may properly notice another point in the case, though it is not presented in the brief of appellant's counsel. We restate the main facts and dates for convenience.

The land, for the rent of which this suit was brought, was sold by the sheriff, and purchased by Teter, on the 8th day of March, 1873, and the certificate of purchase by Teter bears the same date. The date of the sheriff's deed to Teter is the 6th of November, 1874, eighteen months after the sale.

This suit for the rent was commenced on the 31st day of October, 1874, before a justice of the peace, and was tried before said justice, on the 7th of November, 1874. The cause went by appeal to the circuit court. The complaint was a common count for the rents and profits of the land for 1874.

Appellant Murphy rented the land of the execution defendant, on the 1st of September, 1873, being six months after it was sold by the sheriff, for the period of time extending to March 1st, 1875, and gave his notes for the agreed rent, which were not due at the date of the judgment in this case below.

About the 1st of March, 1874, Teter notified Murphy, then in possession, of his purchase of the land, and that he should require said Murphy to pay him, Teter, for

the occupancy of the same from the 1st of January, 1874. In this suit, as we have seen, Teter recovered against Murphy.

If this had been a suit under the statute, for the rent during the year allowed for redemption, a judgment could only have been recovered against the execution defendant. *Powell* v. *DeHart*, 55 Ind. 94.

But this was a suit by the owner of the land for the use and occupation of it. The year for redemption expired in March, 1874. This suit was not commenced till the 31st of October, 1874, and sought to recover the rent for the portion of the year 1874 which had passed. The plaintiff was certainly entitled to recover the rent from the expiration of the time for redemption. No motion for a new trial was made, assigning as a cause excessive damages, nor is that objection raised in the case. The finding and judgment in it, therefore, may be, and for aught that appears are, correct, irrespective of the question whether the purchaser at sheriff's sale may recover, on a paragraph for use and occupation, or rent and profits, the rent of the land for the year given for redemption, after the expiration of the year, without redemption having taken place, from the execution defendant, or any other occupant of the land.

Hence, it is not necessary that we should, and we shall not now, decide that question.

The judgment is affirmed, with costs.