## MORGAN ET AL. *v.* WATTLES ET AL

ADMINISTRATOR.— *Selling Land of Decedent to Himself.—Avoidance of Sale by Heirs.*—If an administrator, by order of court, sell the lands of the deceased, as such administrator, to himself as an individual, either directly or indirectly through a third person, he can not hold the title thereto against the heirs of the deceased, if they take the proper steps to avoid it.

SAME.—*Such Sale Constructive Fraud.*—The question in such case is not one of fraud in fact, or actual fraud ; such a sale is itself a fraud in law, or constructive fraud, which the law will not uphold, whatever may have been the motive in making it.

SAME.—*Lapse of Time.—Statute of Limitations.*—When lapse of time is relied upon as a defence in an action of this kind, it must generally, under our code of procedure, be pleaded and based upon some statute of limitations. Upon general principles, the time elapsed is not material to this case.

INSTRUCTION.—*Assumption of Fact.*—An instruction beginning, " If, at or before the administrator's sale of the lands in question," etc., is hypothetical, and not open to the objection that it assumes the administrator's sale as a fact proved.

SAME.—A defendant can not complain of an instruction upon the ground that it assumes a certain thing as a fact proved when his case depends upon the existence of such fact.

PLEADING.— *What Plaintiff is Bound to Prove.*—It is not true, as a general

rule, that a plaintiff is bound to prove *all* the allegations in his complaint; but, when his complaint is denied, he is only bound to prove all the averments therein which are necessary to his recovery.

From the Tippecanoe Circuit Court.

*M. Jones* and *J. L. Miller*, for appellants.

*R. C. Gregory* and *W. B. Gregory*, for appellees.

BIDDLE, J.—This action was commenced in the Benton Circuit Court, by the appellees against the appellants, to recover title to forty acres of land in Benton county. The venue was changed to the Tippecanoe Circuit Court.

The complaint alleges that on the 13th day of February, 1867, Charles Wattles departed this life intestate, leaving the plaintiffs him surviving, as his sole and only heirs at law, the said Leah being his widow, and the other defendants his children; that on the 28th day of February, 1867, the appellant John E. Morgan was appointed his administrator, by the Common Pleas Court of Benton county; that said Charles Wattles died seized of certain lands in Warren and Benton counties; that there was a petition filed by the plaintiff Leah Wattles, against the other plaintiffs, to have her third set off to her, and that, by decree of said court, certain parts of the real estate of decedent were set off to her in fee as her part of the lands of said decedent, as his widow; that said appellant Morgan as such administrator, at the August term of the Common Pleas Court of Benton county, procured an order and decree of said court to sell the residue of said decedent's real estate not set off to his said widow, to pay debts of said decedent, and, by order and decree of said court, proceeded to sell said decedent's real estate, and that said Morgan combined and confederated with the appellant Theophilus Stemble, fraudulently and in violation of his duties as such administrator, as aforesaid, procured the said Stemble to purchase at said administrator's sale, so ordered by said court, for and on account of the said John E. Morgan, and for his

use and benefit, the north-west quarter of section 26, township 24 north, of range 8 west, and that this sale and purchase were made by appellant Morgan while he was acting as administrator of the estate of Charles Wattles, deceased, and in violation of his trust charging that this was accomplished by fraud and corruption, and was therefore void.

As no question was made in the brief of appellants' counsel as to the sufficiency of the complaint, we need not state it any more particularly than to show the character of the controversy, as above.

The answer to the complaint is in two paragraphs:

1. In denial;

2. In confession and avoidance.

Reply and issue.

Several demurrers were filed and motions to strike out made, which were overruled; but, as they have not been discussed, we do not state them.

Trial by jury; general verdict for the plaintiffs. The jury also found, by answers to special interrogatories, the amount due to Morgan as a return of the purchase-money, which was paid into court for his benefit.

Motion for a new trial overruled; exceptions; judgment; appeal.

All the questions argued by appellants arise under the motion for a new trial.

1. The appellants discuss at length the general principles which they claim should govern the case, namely, that fraud is never presumed, but must be proved; that the facts which constitute the fraud must be conclusively established; that circumstances of mere suspicion will not warrant the conclusion of fraud; that, in case of constructive fraud, such as between trustee and *cestui que trust*, parol evidence should not be regarded with favor, and the court should not act upon it unless it is strong and conclu-

sive; and that, in cases charging fraud, it must be shown that the party sought his remedy without delay.

We think the following rules govern cases of this kind: If an administrator, by order of court, sell the lands of the deceased, as such administrator, to himself as an individual, either directly or indirectly through a third person, he can not hold the title thereto against the heirs of the deceased, if they take proper steps to avoid it. The question is not one of fraud in fact, or actual fraud; such a sale is itself a fraud in law, or constructive fraud, which the law will not uphold, whatever may have been the motive in making it. The principle is founded in the doctrine of trusts, namely, that a trustee, as a trustee, can not sell the property he holds in trust to himself as an individual, either directly or indirectly, and profit thereby, as against the *cestui que trust.* As to seeking the remedy without delay: When lapse of time is relied upon as a defence, in an action of this kind, it must generally, under our code of procedure, be pleaded, and based upon some statute of limitations. In this case no statute of limitations is pleaded, and, upon general principles, we think the time elapsed is not material to the case. *Potter* v. *Smith,* 36 Ind. 231; *Brackenridge* v. *Holland,* 2 Blackf. 377; *Sturdevant* v. *Pike,* 1 Ind. 277; *Shaw* v. *Swift,* 1 Ind. 565; *Martin* v. *Wyncoop,* 12 Ind. 266; *Rice* v. *Cleghorn,* 21 Ind. 80.

2. The appellants objected to a portion of the testimony of Jerome B. Wattles, but we find no exception to the ruling of the court, upon the objection, in the record, nor can we see any objection to it in this case.

3. The court gave to the jury the following instruction:

" 1. If, at or before the administrator's sale of the lands in question, there was an agreement or understanding between Stemble and defendant Morgan, he being at the time administrator of the estate of Charles Wattles, deceased, that said Stemble should purchase said land at said

administrator's sale, and said Morgan would thereafter furnish a purchaser for the same, and that said Stemble, pursuant to said understanding, did purchase said land, and that thereafter said Stemble sold and conveyed said land to said Morgan, both acting upon said original understanding, then said Morgan holds said land in trust for the plaintiffs, and you shall find for the plaintiffs."

The argument of the appellants against the above instruction is as follows:

" The first instruction we think wrong, in assuming that an administrator's sale or an order of court had been made to sell said lands, as there was no proof whatever on that question, and it was as necessary a fact for the plaintiff to prove that Morgan was administrator of Wattles, and as such administrator sold the land by order of court, as it was to prove the heirship of the Wattles, none of which were even attempted to be proven, and, the general denial being in, it required the plaintiff to prove all the allegations of their complaint. This instruction virtually takes from the jury the determination of the fact as to whether Morgan was administrator or sold the lands in question as such administrator. We think the instruction wrong in stating the law to be, if Stemble purchased the land by agreement or understanding, at or before the sale, that Morgan would furnish Stemble a purchaser for the land, and that Morgan thereafter became the purchaser of said lands from Stemble, in pursuance of said understanding, is not the law of this case, unless it was the purpose of Morgan and Stemble, at the time of said sale, that said Morgan should himself become the purchaser."

This instruction does not seem to us to be open to the objection taken against it. It speaks of the sale as " the administrator's sale of the lands in question," and puts the case hypothetically by the word " If " in the beginning of the instruction. And, if the instruction had assumed the administrator's sale as a fact proved, we do not see upon

what ground the appellants could complain of it; for, unless it was proved or admitted, there could be no case in their favor.  Stemble's title to the land depended on the administrator's sale, and Morgan's title upon Stemble's; if, therefore, there had been no administrator's sale, Morgan could have had no title.  It is not true, as a general rule, that a plaintiff is bound to prove all the allegations in his complaint; indeed, it is seldom, if ever, true in that sense. A plaintiff is seldom bound to prove negations, though frequently bound to allege them; and he is not bound to prove what goes merely to the support of the defence, and is seldom required to prove what opposes the defence, until the defendant has offered his evidence.  But of course a plaintiff is always bound, when his complaint is denied, to prove all the averments therein which are necessary to his recovery.  After the plaintiffs had proved title to the land in Charles Wattles, deceased, and that they were his heirs, perhaps they might have rested, but we do not decide so, as we need not, then the onus would rest on the defendants to prove title in themselves.  It is quite true that it was not proved that the appellees were the heirs of Charles Wattles; but the fact is directly admitted of record, as a fact in the case, that they were the heirs of Charles Wattles, deceased.  Such an admission abundantly supplies the place of proof.  In this part of their argument, therefore, the appellants are mistaken.  Nor is the latter part of the instruction incorrect.  It states substantially, that if Stemble, under an agreement with Morgan that, if Stemble would buy the land, Morgan would find him a purchaser for it, and if Stemble bought it under said agreement, and afterward, in pursuance of the same agreement, conveyed the land to Morgan, Morgan could not hold the title against the heirs of Charles Wattles.  This falls within the rules laid down in the premises of this opinion as the law governing the case.

We have thus examined this instruction at some length,

and with some particularity, as the appellants evidently think it is the most objectionable one; and because other instructions are objected to substantially on the same ground. We, therefore, need not notice them any more particularly. It is clear to us that all the instructions given fall within the law governing the case as we have stated it; and that no instruction was refused which had not been substantially given before it was offered.

4. Misconduct of the defendants toward a juryman in the case.

In support of one cause alleged as ground for a new trial, Morgan filed his affidavit charging that some of the defendants took several meals at the house of the juror, who, it seems, was the proprietor of the "Farmers' Lunch Rooms," a restaurant in Lafayette; but the charge is so fully met by counter affidavits as to leave no ground for the interference of an appellate court.

5. Lastly, the appellants insist that the evidence in the case does not support the verdict. We think it does. That the land in controversy was owned by Charles Wattels at the time of his death, and that the appellees are his heirs, are facts sufficiently proved ; and the evidence tends strongly to prove that Stemble did not want the land, and had no intention of buying it, until persuaded to do so by Morgan, under the promise that Morgan would find him a purchaser for it, and that he should not lose anything by the purchase. It is evident that Stemble bought the land with reluctance even then. The subsequent facts also tend to prove that Stemble did not buy it for himself, but for Morgan, culminating in a conveyance by Stemble to Morgan. We think Morgan's own testimony shows substantially that he made the sale as administrator to Stemble, and the purchase from Stemble as an individual, in a way which the law can not uphold ; not that there was any fraud on the part of Morgan or Stemble, in the sense of moral turpitude, but that there was such a state of facts as

the law declares to be a fraud, upon the general principle of protecting trusts, and upon the ground of public policy.

The judgment is affirmed, at the costs of the appellants.