No. 8661.

## HOOVER ET AL. *v.* MALEN ET AL.

JUDICIAL SALE.—*Administrator.—Right to Bid at Foreclosure Sale Without Order of Court.*—If, without an order of court, an administrator, at his own foreclosure sale, bids off and causes real estate to be conveyed to the heirs of his intestate, the sale is not invalid for want of such order.

DEED.—*Uncertainty as to Grantee.*—A deed to "the heirs of John Hoover" is not invalid on account of uncertainty as to the grantees.

From the Miami Circuit Court.

*H. J. Shirk* and *J. Mitchell*, for appellants.

*J. L. Farrar, J. Farrar, W. C. Farrar, L. Walker* and *S. D. Carpenter*, for appellees.

WOODS, J.—Complaint by the appellants against the appellees, to recover possession of real estate; demurrer for want of facts sustained; exception and judgment for the appellees.

The pleading is overburdened with exhibits, which are no proper part of it, but it is shown, with sufficient clearness, that the plaintiffs claim title through a judicial sale made upon the foreclosure of a mortgage at the suit of John Williams, as administrator of the estate of John Hoover, of whom the appellants are the heirs at law; that at the sale the administrator as such bid off the property, and received of the sheriff a certificate of the purchase, which he afterwards assigned "to the heirs of John Hoover," to whom, at their own instance, the sheriff afterwards made a deed.

The appellees claim:

*First.* That the assignment of the certificate was ineffective, because of the phrase "to the heirs," etc., which it is alleged, is too indefinite, it being impossible to know what John Hoover is meant. But the argument proves too much; it would annul a deed made to John Hoover while living—probably the mortgage on which the decree of foreclosure was rendered.

That is sufficiently certain which can be made certain.

*Second.* That, without an order of the proper court, the administrator had no power or right to bid at the sale.

Whether this was so or not, the sale was not void, and the question is one which the appellees had no right to raise. *Murphy* v. *Teter,* 56 Ind. 545.

Judgment reversed, with costs, and with instructions to overrule the demurrer to the complaint.