No. 17,089.

AXTON ET AL. *v.* CARTER ET AL.

SUPREME COURT PRACTICE.—*Ruling on Demurrer.—Evidence.—Harmless Error.*—As a general rule, the appellate tribunal can not look to the evidence to determine whether or not a ruling on demurrer was harmless.

STATUTE OF LIMITATIONS.—*Sale of Real Estate by Administrator.—Five Years Statute.*—The five years statute of limitation applies to actions to recover real estate sold by an administrator. See section 294, R. S. 1894.

Axton *et al. v.* Carter *et al.*

DECEDENT'S ESTATE. — *Sale of Land by Administrator to Himself Through Third Party.— Voidable.—Estoppel.*—A sale of real estate by an administrator to himself, through a third party, is voidable at the election of the *cestui que trust,* but if the *cestui que trust* receive the proceeds of the sale, or any part thereof, with full knowledge of all the facts, he thereby confirms and ratifies the sale, and can not afterwards avoid it.

From the Spencer Circuit Court.

*E. M. Swan* and *C. B. Laird*, for appellants.

*A. J. Payton, F. W. Henring* and *T. E. Snyder*, for appellees.

MONKS, J.—The appellees brought this action against the appellants, in the court below, to set aside a sale of real estate, alleged to have been made by an administrator to himself through a third party.

It is averred in the complaint, which is in one paragraph, that one John Carter died the owner of certain real estate, describing it, leaving the appellees as his heirs at law; that Robert J. Axton, now deceased, was duly appointed administrator of said estate, and procured an order of court, and sold said real estate to one William F. Ferguson for $170, which he paid in cash; that said sale was reported to, and confirmed by the court, and said administrator, on the 13th day of November, 1878, executed a deed therefor to said Ferguson; that said administrator procured said Ferguson to buy said land for him (said administrator), to be held in trust for him, under an agreement that he would pay the purchase-money therefor, and that said Ferguson would convey said real estate to him, or to anyone else, whenever thereafter requested by said administrator; that said purchase-money was paid by said administrator, and not by said Ferguson; that on the 19th day of April, 1881, said Ferguson conveyed said real estate to

the said administrator; that said Axton has held posses-
sion of said real estate ever since said pretended sale;
that by reason of said pretended sale the appellees are
entitled to have said sale declared null and void.

To this complaint the appellants filed a demurrer,
stating for ground of objection, that the complaint did
not state facts sufficient to constitute a cause of action.

The demurrer was overruled by the court, to which
the appellants reserved an exception.    This was error.
The complaint did not state any cause of action against
the appellants, or give any reason for making them de-
fendants to the action.

Counsel for appellee urge that this error was cured at
the trial by an agreement as to a part of the facts.    The
general rule is that this court can not look into the evi-
dence to determine whether or not a ruling on demurrer
was harmless.    Elliott App. Proced., section 638.

The appellants filed an answer in five paragraphs.    The
first was a general denial.    The appellees filed a demur-
rer to the second, third, fourth, and fifth paragraphs of
answer, which was sustained and exceptions taken.    The
second and fourth paragraphs of answer pleaded the five
years' statute, and the third the six years' statute of lim-
itations.    Counsel for appellee contend that these rul-
ings were correct; that this case comes under the fifteen
years' statute.    Section 294, R. S. 1881, section 295, R.
S. 1894.

It was held in *Potter* v. *Smith*, 36 Ind. 231, which was
an action like the one now before the court, that the case
was embraced by the fifteen years' statute, section 294,
*supra*.

The attention of the court does not seem to have been
called, in that case, to the fourth clause of section 293,
R. S. 1881 (section 294, R. S. 1894), which provides:

"For the recovering of real property sold by executors, administrators, guardians or commissioners of court upon a judgment specifically directing the sale of property sought to be recovered, brought by a party to the judgment, his heirs, or any person claiming a title under a party, acquired after the date of the judgment, within five years after the sale is confirmed."

In *Fisher* v. *Bush,* 133 Ind. 315, which was an action like this, brought by heirs to set aside a sale made under an order of court by an administrator to himself through a third party, this court held that the case came within the fourth clause, *supra.* We are of the opinion that this is the correct rule. This is certainly an action brought by a party to the judgment to recover real estate sold by an administrator under an order of court specifically directing the sale, which brings it within the five years' statute. *Fisher* v. *Bush, supra.*

The court erred in sustaining the demurrer to the second and fourth paragraphs of answer.

This case being governed by the five years' statute, there was no error in sustaining the demurrer to the third paragraph of answer.

The fifth paragraph of answer is, in substance, that there was left of the proceeds of the sale of said real estate after the payment of the debts the sum of $71.85, and that in the year 1881 the appellees and those under whom they claim as the heirs of said John Carter voluntarily received and collected said amount and have retained the same to the present time with a full knowledge of the facts, and thereby ratified and confirmed said sale.

It is a well established proposition that a sale of real estate made by an executor or administrator to himself through a third party, is voidable at the election of the *cestui que trust,* but not void. *Comegys* v. *Emerick,* 134 Ind. 148; *Carter* v. *Lee,* 51 Ind. 292; *Rice* v. *Cleghorn,*

Axton *et al. v.* Carter *et al.*

21 Ind. 80; *Morgan* v. *Wattles,* 69 Ind. 260; *Shaw* v. *Swift,* 1 Ind. 565; *Murphy* v. *Teter, Admr.,* 56 Ind. 545; *Boerum* v. *Schenck,* 41 N. Y. 182; *Dodge* v. *Stevens,* 94 N. Y. 209; 1 Perry Trusts, section 195, on page 246; 2 Perry Trusts, section 602; 1 Bigelow Fraud, pages 320–322, 342–3.

It has been uniformly held that if one who has the right to avoid a sale of land receives the proceeds of the sale, or any part thereof, with a full knowledge of all the facts, he thereby confirms and ratifies the sale, and can not afterwards avoid it. *Wilmore* v. *Stetler,* 137 Ind. 127; *Walling* v. *Burgess,* 122 Ind. 299; *Palmerton* v. *Hoop,* 131 Ind. 23, and authorities cited; *Boerum* v. *Schenck, supra; State, ex rel.,* v. *Stanley,* 14 Ind. 409; 2 Herman Estoppel, sections 1057, 1059, 1063 and 1069.

This rule applies to sales made by an administrator to himself through the intervention of a third party. *Scott* v. *Freeland,* 7 S. & M. 409, 45 Am. Dec. 310; *Jones* v. *Smith,* 33 Miss. 215; *Bruch* v. *Lantz,* 2 Rawle (Pa.) 392, on pages 417–420, 21 Am. Dec. 458; *Beeson* v. *Beeson,* 9 Barr (Pa. St.), 279, pages 299 (300); 2 Pomeroy Equity, sections 964, 965 and 1078; 1 White and Tudor's Leading Cases in Equity, 256–258; 1 Bigelow Frauds, 320–322.

Under these authorities the fifth paragraph was sufficient, and the demurrer should have been overruled.

The other errors assigned need not be considered, as they may not arise on a retrial of the cause.

Judgment reversed, with instructions to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.

Filed Jan. 30, 1895; petition for a rehearing overruled June 22, 1895.