Denny *et al.*, Executors, *v.* Denny.

No. 14,864.

## DENNY ET AL., EXECUTORS, *v.* DENNY.

HUSBAND AND WIFE.—*Separate Property of Wife.*—*Husband's Possession of.* —*Presumption.*—The presumption of law, under the statute of this State, is that the separate property, or money, of a wife, which is taken possession of by the husband, is to be considered as held by him for her use and benefit, until such presumption is overcome by evidence showing that she intended to make a gift of the property to him.

SAME.— *Wife's Separate Property.*—*Possession of by Husband.*— *Wife's Consent.*—*Trustee.*—*Decedents' Estates.*—Where the wife never acquired the actual dominion over her money, the husband having collected and appropriated it to his own use before it ever came to her possession, the mere fact that she consented that he might collect and receive the money, raises no presumption whatever that she intended to bestow it upon her husband. In such a case, he becomes her agent, or trustee, and must account, unless he affirmatively shows that the intention of his wife was to bestow her property upon him as a gift. The wife may file a claim against his estate for the recovery thereof.

SAME.— *Wife's Separate Estate.*—*Income of.*— *Use by Husband.*—*Presumption as to.*—Where a husband, with the consent of his wife, is in the habit of receiving the income, profits and dividends of her separate estate, and using them for the benefit of the family, a different rule prevails, and it will be presumed that the wife consented and agreed that he should so receive and use them, and the law will not compel him to account.

DECEDENTS' ESTATES.— *Widow.*—*Filing of Claim by.*— *Will.*—*Right of Election.*— *When Must be Exercised.*—*Abatement.*—Where a widow presents a claim against the estate of her husband, before she renounces the provision made for her by the will, no obstacle is presented thereby to the recovery of the money due her, nor is the fact that she has not renounced the benefits of the will any ground for the abatement of her claim. The statute gives her one year within which to elect whether she will take under the provisions of the will or under the law.

SAME.— *Will.*—*Correspondence with Statutory Provisions.*—*Effect of.*—Where a will makes the same provision for the wife as that made by the statute, it may be doubted whether the will as to her is not a nullity. In such a case the law takes the preference and casts the estate, and the will is inoperative.

SAME.—*Evidence.*—*Conversation between Claimant and Heir.*—*Admissibility of.* —A conversation between a claimant against an estate and one of the

heirs, though it may have occurred in the presence of the testator, was not a matter which occurred with the testator during his lifetime, within the meaning of the statute.

From the Washington Circuit Court.

*D. M. Alspaugh, J. C. Lawler, J. A. Zaring, M. B. Hottel* and *A. Dowling,* for appellants.

*S. B. Voyles, H. Morris, S. H. Mitchell* and *R. B. Mitchell,* for appellee.

MITCHELL, C. J.—Mary Denny filed a claim against the estate of Christopher H. Denny, her late husband, who died testate on the 23d day of May, 1887. The merits of the controversy which ensued may be fully determined by considering the facts specially found by the court. So far as material they show that the testator at various times between the years 1865 and 1874, collected and received from the estates of his wife's father, brother and grandmother, respectively, sums of money aggregating about $2,600, the money so received being the distributive share of his wife in the respective estates of her ancestors and relatives. The money was collected and received by the husband from the representatives of the several estates, with the knowledge of the wife, but without any express agreement or understanding, at the time the several sums were received, concerning its repayment. The testator used the money to pay his personal indebtedness, and to pay for real estate, the title to which he took in his own name, and also in the erection of a more commodious family residence, which the claimant was anxious to have erected for the family. The house was erected on the testator's land. It does not appear how much was expended in erecting the house.

The testator by his last will and testament devised and bequeathed to his widow an undivided one-third interest in all his real estate, and also five hundred dollars in personal property, and one-third of his personal estate after the pay-

ment of his debts.   There was a stipulation in the will that the legacies therein provided were "in lieu of all or any claims of any kind whatever by any of the aforesaid legatees to my estate."

Before the expiration of one year after the death of the testator the claimant filed her written renunciation of the provision made for her by the will, and declared her purpose to assert her rights under the statute ; but prior to the making of such renunciation she had filed her claim against the estate.   It is found by the court that the testator had four children by a former marriage, and two by the marriage with the claimant, and that the latter consented to the use of her money by her husband upon the understanding that by his will, or otherwise, he would divide his estate, including the moneys belonging to her, equally among all the children of both marriages, and that the testator did not so divide his estate, and did not make the children by the marriage with the claimant equal with the children by his former marriage, but gave them a merely nominal sum.

As a conclusion of law, the court allowed the claimant the principal of her claim, with interest at six per cent. from the date on which it was filed against the estate.

The facts found present a case in many respects parallel with *Hileman* v. *Hileman*, 85 Ind. 1.   The ruling in that case was to the effect that the presumption of law, under the statute of this State, is that the separate property, or money, of a wife, which is taken possession of by her husband, is to be considered as held by him for her use and benefit, until such presumption is overcome by evidence showing that she intended to make a gift of the property to him.

In *Armacost* v. *Lindley*, 116 Ind. 295, this court held that where a husband, at his own suggestion or request, obtained the title or possession of his wife's separate property, which the statute declares shall remain her own, even though the possession be obtained with her consent, unless the facts and circumstances show an agreement, or intention on the part

of the wife that her husband shall receive it as a gift, the law will presume that he took as her agent, or trustee. *Wales* v. *Newbould*, 9 Mich. 45 ; *Mellinger* v. *Bausman*, 45 Pa. St. 522 ; *McNally* v. *Weld*, 30 Minn. 209.

It is said, however, that *Hileman* v. *Hileman, supra,* was modified or overruled by *Bristor* v. *Bristor*, 93 Ind. 281 ; *Bristor* v. *Bristor*, 101 Ind. 47.

In the case last cited it was held that where a husband receives and applies the income of the wife's land to the common use of the family, with her consent, and under circumstances indicating no purpose by either that he shall be charged therewith, she can not, after his death, maintain a claim therefor against his estate.

We do not regard the decision in *Bristor* v. *Bristor, supra,* as in conflict with the point in judgment in *Hileman* v. *Hileman, supra.* In the one case the husband received and appropriated to his own use the principal of moneys due the wife from her father's estate, while in the other the income or rents and profits of the wife's real estate had been received by her husband and applied to the support of the family.

These later cases simply recognize the well-established doctrine that a married woman may bestow the income of her separate estate upon her husband, and follow an almost unbroken line of decisions which hold that where a husband, with the consent of his wife, is in the habit of receiving the income, profits and dividends of her separate estate, and using them for the benefit of the family, it will be presumed that the wife consented and agreed that he should so receive and use them, and the law will not compel him to account. *In re Jones*, 6 Biss. 68 ; 2 Story Eq. Jur., section 1396.

A well-established distinction exists, however, when the husband receives and appropriates the *corpus* or principal of his wife's separate property. The rule governing is well stated in *Jones* v. *Davenport*, 44 N. J. Eq. 33, in the following language: " When a husband receives money belonging

to his wife, the law presumes that he received it for her use, and if he denies that he is liable therefor, the mere fact that he received it casts upon him the burden of showing that he has appropriated it according to her direction, or that she gave it to him.    This is the rule in respect to the *corpus* or principal.  A different rule prevails as to interest or income.  If he receives interest or income, and spends it with her knowledge, and without objection, a gift will be presumed.  *Horner* v. *Webster*, 4 Vr. 387, 406, 411 ; *Black* v. *Black*, 3 Stew. Eq. 215, 219.  As long ago as 1722, Lord Macclesfield declared that where a married woman held a separate estate, and her husband got possession of any part of its principal, he was bound to account to her for it, but that where she permitted him to receive the income of her estate, and to use it, without making the least objection to him, or to the debtor who paid the money, or to her trustees, it should be presumed that she consented that he should use the money as his own. *Powell* v. *Hankey*, 2 P. Wms. 82." The propriety of the rule is manifest.

In the light of the principles above stated, the apparent conflict between the decisions remarked upon speedily vanishes.   Each must be considered with reference to its own facts, and when so considered it becomes apparent that both are well decided.   On account of the confidential relations existing between husband and wife, the mere delivery by the latter to the former of money or property affords in any case very slight, if any, evidence of an intention on the part of the wife to surrender her right to her separate property and bestow it as a gift upon her husband.

  Where, however, as in the present case, the wife never acquired the actual dominion over her money, the husband having collected and appropriated it to his own use before it ever came to her possession, the mere fact that she consented that he might collect and receive the money, raises no presumption whatever that she intended to bestow it upon her husband.   *Mellinger* v. *Bausman, supra.*   In such

a case he becomes her agent, or trustee, and must account unless he affirmatively shows that the intention of his wife was to bestow her property upon him as a gift. *Buchanan* v. *Hubbard*, 119 Ind. 187 (192) ; *Heath* v. *Slocum*, 115 Pa. St. 549 ; *Hamill's Appeal*, 88 Pa. St. 363.

It appears that the husband received and appropriated to his own use the entire patrimonial estate of his wife. The facts are not materially different from those involved in *Bergey's Appeal*, 60 Pa. St. 408 (100 Am. Dec. 578). In that case it appeared that a wife had been paid a sum of money by the representative of her father's estate in the presence of her husband. The latter took up the money, counted it, and put it in his pocket, the wife saying nothing. He afterwards invested it in real estate, taking the title in his own name. It was held that no inference of a gift arose from the transaction. "She was," said the court, "not bound to attempt a rescue of it from him, or proclaim that it was not a gift. She might rest on the idea that his receipt, in her presence was with the intent to take care of it for her." A wife is not bound to disturb the tranquillity of her home, or subject her matrimonial relations to a strain by making a demand on her husband whenever he becomes possessed of her money, nor is she required whenever he collects money belonging to her, to publish the fact that she does not intend to bestow it upon him in order to preserve it for herself. The law will not, under such circumstances, indulge the presumption either that the husband intended unjustly to deprive his wife of her separate estate, or that she intended to relinquish her right to her property, but will require him to account for the principal sum appropriated, as her agent or trustee.

That the claimant presented her claim against the estate of her husband before she renounced the provision made for her by the will, presents no obstacle in the way of her recovery of the money due her, nor was the fact that she had not renounced the benefits of the will any ground for the

abatement of her claim. Under the statute she had one year within which to elect whether she would accept the provision made for her by the will, or whether she would claim her rights under the law. Indeed, it may be doubted whether the will was not an absolute nullity so far as it related to the claimant, since by its terms precisely the same provision was made for her as that made by the statute. In such a case, the law takes the preference and casts the estate, and the will is inoperative.

We need not determine whether or not the subsequent consent of the claimant that her husband might use her money on condition that he would make equal provision for her children, with his by the former marriage, would have prevented a recovery if the condition had been fulfilled. Certainly, such an executory agreement between the husband and wife has no force as a contract, and since the court found that the husband failed to carry it out, it may be dismissed without further consideration.

The testimony of the claimant, to which objection is urged, was not within the prohibition of section 498, R. S. 1881. This testimony related to an alleged conversation between the claimant and one of the heirs, and the fact that the heir claimed that it occurred in the presence of the testator, did not render the claimant incompetent to testify concerning the matter. The conversation having occurred between the claimant and one of the heirs, it was not a matter which occurred with the testator during his lifetime, within the meaning of the statute, nor did the conversation relate to the matter or transaction upon which the suit was predicated. It had no reference to the money here in controversy.

The evidence sustains the finding.

The judgment is affirmed, with costs.

Filed Jan. 28, 1890; petition for a rehearing overruled April 9, 1890.