## BATEMAN v. BENNETT.

[No. 4,619.  Filed June 5, 1903.]

DESCENT AND DISTRIBUTION.—*Property of Childless. Second Wife.*— Testator left surviving him a childless second wife and children by a former marriage. He gave to his wife such portion of his estate as she would take under the statutes then in force in the absence of a will. Under the statutes then in force (§2487 R. S. 1881), as construed by the Supreme Court, such wife took a fee, and the children by the former marriage, at her death, became her forced heirs. Plaintiff brought suit to recover the interest of her deceased husband in the real estate devised to his stepmother. The complaint showed that plaintiff's husband died before his stepmother. *Held*, that plaintiff could not recover.

From Warrick Circuit Court; *E. M. Swan*, Judge.

Suit by Lavina Bateman against Jacob U. Bennett. From a judgment for defendant, plaintiff appeals. *Affirmed*.

*Edward Gough, R. W. McBride* and *C. S. Denny*, for appellant.

*S. B. Hatfield* and *F. H. Hatfield*, for appellee.

WILEY, J.—This cause was transferred from the Supreme Court.

Appellant's amended complaint avers the following material facts: That one James Adams died testate; that at the time of his death he was seized in fee simple of certain real estate in Warrick county, Indiana; that he left surviving him Zilpha, who was a childless second wife, Rachael Conner, a daughter, and Homer Adams, a son, children by a former marriage; that by item two of his will the testator left to said Zilpha "such parts, portion, and interest in my [his] real and personal property as she would take under the statutes of Indiana, now [1874] in force, if I had made no will;" that by item three he devised all of his estate to his two children, subject only to the then statutory interest of his widow; that said testator died in 1875, and there-

upon the said heirs and devisees agreed to a partition of the real estate, and each selected a commissioner, who divided the same by metes and bounds into three parts; that said division was agreed to and accepted by all the parties; that quitclaim deeds were executed by the two children of the testator, in each of which his widow joined, conveying in severalty to said two children the third of the real estate thus apportioned and set off to them by the commissioners, and that "no deed was made by said children to said Zilpha." It is then averred that said widow always believed that the will gave her a life estate only in the one-third of her deceased husband's lands, and accepted the share so set off to her as such one-third, took possession of the same, never claimed that her estate therein was other than a life estate, and admitted such to be the fact. The complaint further avers that appellant was married to Homer Adams, one of the testator's children, in December, 1876; that he died intestate in June, 1877, leaving her as his sole heir; that at the death of said Homer he owned all the lands devised to him by his father's will, and that all such lands thereupon descended to her. It is also charged that she never parted title with any part of the land set off to said Zilpha by the commissioners, and that she still owns a half interest therein; that on September 28, 1889, said Zilpha conveyed to appellee Bennett, by quitclaim deed, all the land that the commissioners had assigned to her, and that she died in September, 1898. The complaint also avers that appellee is in possession of the real estate conveyed to him by Zilpha; that when he accepted said deed, and under which he claims title, he was aware that the said Zilpha only claimed a life interest therein, and that by the terms of said will the fee simple in the undivided half of James Adams' lands vested in her (appellant's) husband, Homer Adams, subject to the life estate of Zilpha Adams in one-third thereof, and that such one-half interest vested in her (appellant) at her said husband's death. There are further

allegations as to what disposition Rachael Conner made of her interest in the real estate in controversy, but it is not essential to refer to them in detail. Appellee's demurrer to the complaint was sustained, and such ruling is assigned as error.

The question for decision depends upon the character of the estate which Zilpha Adams took in the real estate set off to her under the private agreement for partition. It is clear that appellant's complaint proceeds upon the theory that she took only a life estate, and her counsel admit that if she took a fee the complaint does not state a cause of action.

The provisions of the will upon which appellant relies as designating the estate of the testator's widow are as follows: "Item 2. It is my will and desire and I hereby bequeath to my beloved wife such parts, portion, and interest, both in my real and personal property, as she would take under the statutes of Indiana now in force if I had made no will. Item 3. It is my will and desire that the whole of my real and personal property, including that which may be left at the death of my said wife, be divided into two equal parts, and one-half of which I hereby bequeath to my son Homer Adams and the other half I will and bequeath to Isaac W. Adams, trustee, in trust to manage in his discretion for the use of my daughter Rachael Conner, wife of Thomas Conner."

When the will was executed and became operative the following statutes were in force: §2483 R. S. 1881. "If a husband die testate or intestate, leaving a widow, one-third of his real estate shall descend to her in fee simple, free from all demands of creditors." This section also has a provision reducing her interest as to creditors if the real estate exceeds in value $10,000. Section 2486 R. S. 1881 provides: "If a husband die intestate leaving a widow and one child only, his real estate shall descend, one-half to his widow and one-half to his child." Section

2487 R. S. 1881 provides: "That if a man marry a second or subsequent wife, and has by her no children, but has children alive by a previous wife, the land, which, at his death, descends to such wife, shall, at her death, descend to his children."

, By a construction of these several statutes it was held in *Martindale* v. *Martindale,* 10 Ind. 566, that a childless second or subsequent wife took a life estate only in the lands of her deceased husband, when he left surviving him children by a former wife.   Many cases following that adhered to the rule there declared, and this was the law in this State until 1881, when the case of *Utterback* v. *Terhune,* 75 Ind. 363, was decided.   It was there held that under the sections quoted a second or subsequent childless wife took a fee in the lands of her deceased husband, and that, if he left children by a former wife, upon the death of the second or subsequent wife such children would inherit the real estate which vested in her as her forced heirs. The rule as there declared has been followed in the following cases:   *Haskett* v. *Maxey,* 134 Ind. 182, 19 L. R. A. 379; *Myers* v. *Boyd,* 144 Ind. 496; *Stephenson* v. *Boody,* 139 Ind. 60; *Byrum* v. *Henderson,* 151 Ind. 102.    In *Bell* v. *Shaffer,* 154 Ind. 413, it was held that children of a former marriage have no present estate in the interest of a childless second or subsequent wife in the real estate of their father.   Under these statutes and decisions, Zilpha Adams took a fee in ' one-third of her husband's real estate, and she took a "present estate."   Homer Adams, appellant's deceased husband, had no present interest in the real estate set off to her, and, as he died before the death of Zilpha, he had no inheritable interest in the real estate, and appellant therefore could take nothing, for she could not inherit from her husband that which he did not possess.

Counsel have discussed the question as to what interest Zilpha claimed or thought she took in the real estate, but we do not think that it is necessary to dwell upon it in

view of the fact that the law determined her interest, and the provision of the will is in harmony with the provisions of the statute and the decided cases. It was the evident intention of the testator to give to her every right and interest in his real estate which the statute cast upon her. In such case we may disregard the will and look to the statute.

In *Denny* v. *Denny*, 123 Ind. 240, the court, by Chief Justice Mitchell, said: "Indeed, it may be doubted whether the will was not an absolute nullity so far as it related to the claimant, since by its terms precisely the same provision was made for her as that made by the statute. In such a case, the law takes the preference and casts the estate, and the will is inoperative." To the same effect are *Stilwell* v. *Knapper*, 69 Ind. 558, 35 Am. Rep. 240, and *Davidson* v. *Koehler*, 76 Ind. 398.

Appellant's complaint does not state facts sufficient to constitute a cause of action, and the demurrer to it was properly sustained. Judgment affirmed.