## FEATHERNGILL ET AL., ADMINISTRATORS, v. DOUGHERTY.

[No. 6,845. Filed October 28, 1909.]

1. CONTRACTS.—*Implied.*—*Husband and Wife.*—*Use of Wife's Property.*—*Evidence.*—*Presumptions.*—Evidence showing that a bride's sheep were hauled from her mother's home and placed upon her husband's farm, but failing to show what became of them, supports a presumption that the profits thereof, if any, were shared jointly by her and her husband, and does not support a claim against the husband's estate therefor. p. 454.

2. DECEDENTS' ESTATES.— *Money Lent by Wife to Husband.*— *Excessive Judgment.*—Evidence by a widow that her deceased husband owed her $100 "about ever since our marriage"—1876— does not support a judgment for $479. pp. 454, 455.

3. WITNESSES.—*Competency.*—*Decedents' Estates.*—*Heirs.*—*Declarations.*—A widow is competent to testify as to her declarations to her husband's administrator. p. 455.

4. APPEAL.—*Technicalities.*—*Procedure.*—The Appellate Court has the right to disregard matters of procedure and to decide an appeal on its merits. p. 455.

5. APPEAL.— *Excessive Judgment.*— *Remittitur.*— The Appellate Court may affirm an excessive judgment on condition that a remittitur for the excess is filed. p. 455.

From Probate Court of Marion County; *Merle N. A. Walker*, Judge.

Claim by Mary J. Dougherty against William Featherngill and others, as administrators of the estate of Adam S.

Dougherty, deceased. From a judgment for plaintiff, defendants appeal. *Affirmed conditionally.*

*Fred B. Ropkey* and *William Featherngill,* for appellants.
*Charles B. Clarke, Walter C. Clarke, Clement M. Holderman, William E. Deupree* and *L. Ert Slack,* for appellee.

COMSTOCK, J.—On September 5, 1905, appellee filed her verified claim in two paragraphs against the estate of Adam S. Dougherty, deceased. On March 11, 1907, she filed her additional third and fourth paragraphs. In each she alleges that she became the wife of said decedent on March 21, 1876. The first paragraph alleges that soon after her marriage, to wit, about March 30, 1876, she lent to the decedent $68, which he thereafter used in his own business and retained to the time of his death. She claims $68 principal, and interest thereon at six per cent for twenty-nine years, amounting to $118, a total of $186.

The allegations of the second paragraph are the same as the first, except that the amount alleged to have been lent is $150, with interest thereon for twenty-nine years at six per cent, amounting to $261, making a total of $411.

The third paragraph alleges that on or about the date of their marriage she was the owner of seven sheep, of the value of $5 each, and that decedent had the use and benefit of said sheep and derived the profits therefrom, and that by reason of the profit and the increase therefrom the estate of said decedent is indebted to the claimant in the sum of $400.

The fourth paragraph alleges that on or about the date of her marriage she turned over to her husband seven sheep, of the value of $5 each, which were her separate property; that decedent used said sheep and derived a great profit therefrom, and she asks an allowance of said claim for $105.

The cause was put at issue, a jury trial had, resulting in a verdict on which judgment was rendered in favor of appellee for $479. With the general verdict answers to interrogatories were returned.

The overruling of appellants' motion for a new trial and their motion for judgment on the answers to interrogatories, and other rulings, are assigned and discussed.

That the amount of recovery is too large, and that the verdict is not sustained by sufficient evidence and is contrary to law, are among the reasons set out in the motion for a new trial and discussed. The court did not err in overruling appellants' motion for judgment on the answers to the interrogatories. But an examination of the evidence, giving to appellee the benefit of its most favorable view, shows that the verdict is excessive. The only evidence to support the third and fourth paragraphs is that appellee at the time of her marriage owned seven sheep; that when she went to her husband's farm, these sheep were put in a wagon and hauled away from her mother's home, where she had been living, to her husband's farm. The evidence is conflicting as to whether they were ever kept upon her husband's farm. They disappeared. When they were sold, by whom, and for what amount, is not known. It was rumored that they had been killed by dogs. There is no evidence of any increase, or that decedent derived any profit therefrom.

The husband died on his farm where he and claimant had lived together harmoniously during their entire married life of twenty-eight years. From the evidence there is only one inference to be drawn, that if any profits were realized from the sheep they were jointly shared by claimant and her husband. *King* v. *King* (1900), 24 Ind. App. 598, 79 Am. St. 287; *Denny* v. *Denny* (1890), 123 Ind. 240.

There is evidence, from the admissions of the decedent, that he was indebted to his wife for money received. There is no evidence as to the amount due at the time of his death, save her own statements. Upon two separate occasions, within two months after the death of her husband—once when an inventory of the estate was being made out—she told the administrator that her husband had owed her $100 "about ever since our marriage." The state-

ment was made in the presence of a third party, who
3. corroborated the testimony of said administrator.
Appellee was a competent witness as to said conversation, but she was not called. Giving to appellee the benefit of all the facts even tending to establish the claim, the amount awarded is too large. The claim on account
2. the sheep is wholly without support, and at most she was entitled only to $100, with interest thereon at six per cent from March 30, 1876.

We have thought it better to pass upon the merits of the case rather than the alleged errors in the rulings on the pleadings, admissions of evidence, and the giving of,
4. and refusing to give, certain instructions. Some of the answers to interrogatories are not supported by the evidence.

If, within thirty days from the rendition of this decision, appellee remits from the allowance made in the trial court the amount in excess of $100 and interest thereon at
5. six per cent from March 30, 1876, the judgment will be affirmed, otherwise it will be reversed, with instructions to the trial court to sustain appellants' motion for a new trial.